UNITED STATES DISTRICT COURT                        **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - :
IBEW LOCAL 90 PENSION FUND, On       :  11 Civ. 4209 (BSJ) (JCF)
Behalf of Itself and All Others      :
Similarly Situated,                  :         MEMORANDUM
                                     :         AND  ORDER
              Plaintiff,             :
                                     :
       - against -                   :
                                     :
DEUTSCHE BANK AG, JOSEF ACKERMANN,   :
CLEMENS BÖRSIG, HUGO BÄNZIGER and    :
ANTHONY DI IORIO,                    :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

    This federal securities class action is brought pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on behalf of those who purchased or otherwise acquired the ordinary shares of Deutsche Bank AG ("Deutsche Bank" or the "Company") between January 3, 2007 and January 16, 2009 (the "Class Period"). Two movants, the Building Trades United Pension Fund, the Steward Global Equity Income Fund, and the Steward International Enhanced Index Fund (collectively, the "Funds"), and Henry Kuester, an individual plaintiff in this action, have submitted competing applications seeking to be appointed as lead plaintiff and to have their respective selections of counsel approved.  For the reasons discussed below, the Funds are appointed lead plaintiff and their selection of the firm of Robbins Gellar Rudman & Dowd LLP ("Robbins Geller") as lead counsel is approved.

Background

    Deutsche Bank is a global investment bank with shares listed

1

on the New York Stock Exchange (the "NYSE").  The complaint alleges that during the Class Period, the defendants issued materially false and misleading statements regarding Deutsche Bank's business and financial results.  (Complaint ("Compl."), ¶ 3).  The plaintiffs also allege that the defendants concealed the Company's failure to write down impaired securities containing mortgage-related debt and intentionally disregarded findings that residential mortgage loans did not comply with underwriting guidelines.  (Compl., ¶ 3).  As a result of the defendants' alleged misconduct, Deutsche Bank's securities traded at artificially inflated levels during the Class Period.  (Compl., ¶ 3).  Because of the precipitous decline in the market value of the Company's securities, the plaintiffs and putative class members suffered significant losses.

On June 21, 2011, the International Brotherhood of Electrical Workers Local 90 Pension Fund filed this class action.  (Compl., ¶ 1).  The same day, Mr. Kuester and the Funds both published notice of the action on Business Wire, a widely circulated national business-oriented wire service, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i).  (Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel dated August 22, 2011 ("Rosenfeld Decl."), Exh. A; Declaration of Curtis V. Trinko in Support of Henry Kuester's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel dated August 22, 2011, Exh. C).  On August 22,

2011, both movants filed motions to be appointed lead plaintiff and for selection of lead counsel.[1]  After the movants filed their initial motions, Mr. Kuester filed a Notice of Non-Opposition to the Funds' motion, explaining that, as it "appears that the Funds assert the largest financial interest in the relief sought by the class and have also made a prima facie showing of adequacy and typicality," he now "supports the Funds' motion."  (Henry Kuester's Notice of Non-Opposition dated September 7, 2011 at 1-2).  To prevail on their motion, therefore, the Funds need only meet the statutory requirements set forth in the PLSRA.

Discussion

    A.   Lead Plaintiff

The PSLRA establishes the procedure for selecting the lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1).  "Under the PSLRA, the movant or group of movants with the largest financial interest in the relief sought by the class, who also makes a prima facie showing of typicality and adequacy, is the presumptively 'most adequate plaintiff.'"  Faris v. Longtop

---

[1] The PSLRA requires that a class member seeking appointment as lead plaintiff must move the court no later than 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  In this case, 60 days after the June 21, 2011 notice was August 20, a Saturday.  The Federal Rules provide that "if the last day [of the period] is a Saturday . . ., the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C). Therefore, as the parties filed their motions on Monday, August 22, the motions are timely.

Financial Technologies Ltd., No. 11 Civ. 3658, 2011 WL 4597553, at *3 (S.D.N.Y. Oct. 4, 2011).  This is determined by a two-step competitive process.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

The first step establishes as the presumptive lead plaintiff the person or group of persons that (1) has either filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class, as determined by the court; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In applying Rule 23, typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff, and, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. Teran v. Subaye, Inc., Nos. 11 Civ. 2614, 11 Civ. 3886, 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011); In re Bank of America Corp. Securities, Derivative and ERISA Litigation, 258 F.R.D. 260, 268 (S.D.N.Y. 2009).  "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." In re eSpeed, Inc. Securities Litigation, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).  "The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." In re Initial Public Offering Securities Litigation, 214 F.R.D. 117, 121

(S.D.N.Y. 2002).

At the second step of the analysis, class members may introduce proof that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

The Funds satisfy the PLSRA's requirements for them to be appointed as lead plaintiff. First, the Funds properly moved to be appointed in response to the Class notice of June 21, 2011. Second, the Funds possess the largest financial interest in the relief sought by the class.[2]  Third, the Funds satisfy the requirements of Rule 23.

Specifically, members of the class allege that they purchased shares in Deutsche Bank during the Class Period and suffered damage as a result of the artificially inflated stock price caused by the defendants' purportedly false and misleading statements regarding the Company's business and financial results.  As the Funds make the same claim, they are typical of the class.  The Funds also meet the adequacy of representation requirement.  First, the Funds have

---

[2] During the Class Period, the Funds purchased more than 38,000 shares of Deutsche Bank securities on the NYSE, and allege losses of nearly $2.8 million as a result of the defendants' conduct.  (The Funds' Memorandum of Law in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel dated August 22, 2011 at 7).  Mr. Kuester alleged approximately $103,000 in losses as a result of his Class Period transactions in Deutsche Bank's ordinary shares. (Memorandum of Law in Support of Henry Kuester's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel at 1).

retained Robbins Geller, a plaintiffs' firm with substantial securities class action litigation experience, as lead counsel to represent the class.  (Robbins Geller Rudman & Dowd LLP firm résumé ("Robbins Geller résumé"), attached as Exh. E to Rosenfeld Decl.).  Second, the Funds "seek[] identical relief on identical claims based on identical legal theories[,] making [their] interests not antagonistic with other class members." Sgalambo v. McKenzie, 268 F.R.D. 170, 174 (S.D.N.Y. 2010).  Finally, given the significant amount of damages alleged, the Funds have enough of an interest in the outcome of the litigation to ensure that they will vigorously advocate on behalf of the class.  Thus, the Funds are presumptively the most qualified lead plaintiff under the PLSRA.

There is no basis for overriding that presumption, Mr. Kuester now supports the Funds' motion and does not present any evidence that the Funds are subject to unique defenses or would not otherwise fairly and adequately protect the interests of the class. Nor is there any independent evidence that the Funds are not the appropriate lead plaintiff in this action.  Accordingly, the Funds' motion for appointment as lead plaintiff is approved.

B.    Appointment of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78-u4(a)(3)(B)(v).  The Funds have selected and retained Robbins Geller as lead counsel.  As indicated by the firm's résumé, Robbins Geller has the experience and resources to prosecute and manage this litigation effectively.

(Robbins Geller résumé, attached as Exh. E to Rosenfeld Decl.).
Therefore, the Funds' selection of Robbins Geller as lead counsel
is approved.

<u>Conclusion</u>

For the foregoing reasons, the Funds' are appointed lead
plaintiff in this action, and Robbins Geller is appointed lead
counsel.   The Clerk of Court is directed to close the pending
motions (Docket nos. 8 and 11).

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           December 2, 2011

Copies mailed this date:

Samuel H. Rudman, Esq.
Mario Alba, Jr., Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York  11747

Darren  J. Robbins, Esq.
David C. Walton, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

John K. Grant, Esq.
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104

Charles A. Gilman, Esq.
David G. Januszewski, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York   10005

Charles A. Gilman, Esq.
David G. Januszewski, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York   10005